**XUE XIAN ZHENG, also known as Shea Shian Cheng, Petitioner,**

**v.**

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–4484–ag.**

United States Court of Appeals, Second Circuit.

June 9, 2006.

---

Jan Potemkin, New York, NY, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, Thomas J. Gezon, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. AMALYA L. KEARSE and Hon. DENNIS JACOBS, Circuit Judges.

## SUMMARY ORDER

Xue Xian Zheng, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") William F. Jankun denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales*, 331 F.3d at 307. Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo*, 232 F.3d at 288. A credibility determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent stan-

dard when evaluating an applicant's testimony constitutes *legal*, not factual error." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted); *see also Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005).

Although we question some of the IJ's and BIA's findings regarding the adverse credibility determination, we are persuaded that substantial evidence supports the IJ's determination that Petitioner failed to establish a reasonable probability of persecution upon her return to China. At most, Petitioner's evidence amounted to one isolated incident whereupon Chinese officials had held Petitioner for two days and, at one point, slapped her. *See Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) (finding short detention without evidence of mistreatment not persecution); *see also Eusebio v. Ashcroft*, 361 F.3d 1088, 1091 (8th Cir.2004) (finding that brief detention and minor beating did not amount to persecution) (cited with approval in ·*Yuan*). Similarly, Petitioner's fear of future persecution merely rested on her assertion that officials had been looking for her, and possibly wanted to arrest her. Petitioner presented no evidence tending to show that she would be persecuted upon arrest. Petitioner also acknowledged that in March of 2000, Chinese officials had ceased questioning her family about her whereabouts. Insofar as Petitioner's withholding of removal or CAT claims rested on her fear of persecution or torture because of her opposition to China's family planning policy, the IJ's asylum determination precluded success on the higher burdens of proof applicable to withholding of removal or CAT. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003).

Substantial evidence also supports the IJ's denial of Petitioner's claim that she was entitled to relief or protection from removal because she may be jailed for leaving China without permission. "Chinese law does indeed allow for imposition of a sentence of imprisonment on a person who illegally departs the country." *Cao He Lin*, 428 F.3d at 407. However, "[p]unishment for violation of a generally applicable criminal law is not persecution." *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992). Accordingly, Petitioner failed to establish eligibility for asylum on this basis. Moreover, Petitioner also has not demonstrated that she is eligible for withholding of removal on this basis, as she failed to allege that she was persecuted based on an enumerated ground under the INA. *See* 8 C.F.R. § 208.16(b)(1); *Ramsameachire*, 357 F.3d at 178. Additionally, as Petitioner has not shown that illegal emigrants are more likely than not to be tortured in Chinese prisons, she has not demonstrated that she is entitled to CAT relief on this basis. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) (upholding the BIA's denial of CAT relief where petitioner's sole argument was that she was entitled to relief as "part of the large class of persons who have illegally departed China"). We have reviewed Petitioner's other claims and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Petitioner's pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument of this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).